IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Melissa M. Morrow,               )    C. A. No. 2:08-4119-CWH-RSC
                                 )
            Plaintiff,           )
                                 )
       -versus-                  )    **REPORT AND RECOMMENDATION**
                                 )
Keystone Builders Resource       )
Group, Inc. and                  )
Keystone-Charleston, LLC         )
                                 )
            Defendant(s).        )

This employment discrimination action is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motions to dismiss under Fed. R. Civ.P. 12(b)(6). 28 U.S.C. 636(b).

The plaintiff, Melissa Morrow, sued the defendants, Keystone Builders Resource Group, Inc. and Keystone-Charleston, LLC, on December 23, 2008, and alleged that she was terminated from her employment because she became pregnant, in violation of the Pregnancy Discrimination Act of Title VII and the public policy of South Carolina.[1] On May 4, 2009, the defendants filed motions to dismiss all causes of action. The plaintiff opposed the motion on June 15, 2009, and oral argument before the undersigned was had on July 14, 2009. Hence, it appears consideration of the motions is appropriate.

---

[1] At brief and at oral argument, Plaintiff made clear that her cause of action was the common law tort of wrongful termination in violation of the public policy of South Carolina.

## STANDARD OF REVIEW UNDER FED.R.CIV.P. 12(b)(6)

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint. <u>Randall v. United States</u>, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, 115 S.Ct. 1956 (1995). Importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992). Such motions "should be granted only in very limited circumstances." <u>Rogers v. Jefferson-Pilot Life Ins. Co.</u>, 883 F.2d 324, 325 (4th Cir. 1989). A court considering a Rule 12(b)(6) motion must accept as true all of the plaintiff's factual allegations and all favorable inferences that may reasonably be drawn from those allegations. <u>See</u>, <u>Mylan Lab., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993), cert. denied, 114 S.Ct. 1307 (1994). Only then, it must appear certain that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged before a motion to dismiss can be granted. <u>Republican Party v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992).

Furthermore, when as here, a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, "we must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory

2

which might plausibly be suggested by the facts alleged." Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988) (internal quotation marks omitted); see also, Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 (1984).

Although the court must assume that the plaintiff can prove all of the facts alleged in her complaint, "'it is not ... proper to assume that [the] plaintiff[ ] can prove facts that [she has] not alleged or that the defendants have violated the ... law[ ] in ways that have not been alleged.'" Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 221 (4th Cir. 1994) (quoting Associated Gen. Contractors v. California State Council of Carpenters, 459 U.S. 519, 526 (1983)).

Recently the United States Supreme Court held that to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations set forth in a complaint must be sufficient to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

Therefore, once a claim has been adequately stated, it may be supported by establishing any set of facts consistent with the allegations in the complaint. Goodman v. Praxair, Inc., 494 F.3d 458, 466 (4th Cir. 2007) citing Twombly. While a complaint does not have to include detailed factual allegations, a plaintiff's

obligation to provide the grounds for her entitlement to relief requires more than labels and conclusions. Without including some factual allegations in her complaint, a plaintiff cannot satisfy her obligation to provide fair notice of the nature of her claims and the grounds on which those claims rest. Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965, n.3 (2007).

Further, in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Court expanded on its holding in Twombly. "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 1949 (internal citations omitted). The plausibility standard is higher than a probability requirement. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal citations omitted). The Court concluded "[o]ur decision in Twombly expounded the pleading standard for 'all civil actions.'" Id. at 1953.

This court has applied the Twombly pleading requirements in a number of cases. In Gardner v. Jones Apparel Group, Inc., 2008 WL 2943205, (D.S.C. July 30, 2008), the court held:

> A Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of its claims that entitles it to relief. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th

4

Cir. 1999). It is well settled that a pleading is sufficient if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A complaint is not required to set forth heightened fact pleading of specifics, "but only enough facts to state a claim for relief that is plausible on its face. [Where the plaintiff fails to nudge its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

See also, Ashley II of Charleston, LLC v. PCS Nitrogen, Inc., 2008 WL 2462862, (D.S.C. Jun 13, 2008; May v. Peninger, 2008 WL 509470, (D.S.C. Feb 22, 2008); Aldana v. RJ Reynolds Tobacco Co., 2007 WL 3020497 (D.S.C. Oct 12, 2007); Milton P. Demetre Family Ltd. Partnership v. Boltin, 2007 WL 3020476 (D.S.C. Oct 11, 2007); Crossman v. Chase Bank USA NA, 2007 WL 2702699 (D.S.C. Sep 12, 2007).

## **DISCUSSION**

A review of the record and relevant case law indicates that the defendants' motions should be granted and this case dismissed without prejudice.

Here, the plaintiff's amended complaint does not meet the plausibility standard for pleadings set forth in Twombly and Iqbal. First, the plaintiff never explicitly states which entity employed her, failing to put either defendant on notice of her claim against it. Plaintiff's amended complaint could be interpreted to mean that Keystone Builders employed the plaintiff, Keystone-Charleston employed the plaintiff, both

5

corporations employed the plaintiff, or Keystone Builders and Keystone-Charleston are the same corporation and it employed the plaintiff. Plaintiff's amended complaint is merely "possible," and not "plausible" in this respect. Referring to her employer(s) as "defendants" (plural) is insufficient to establish a basis for her claim. The plaintiff must actually name and identify the employer whom she intends to sue and she has not done so.

Second, the plaintiff did not allege that her employer(s) met the 15 employee numerosity requirement of Title VII. At no point in the plaintiff's amended complaint does she allege that any of the defendants she named, whether considered independently or together, have the required number of employees. For this reason alone the plaintiff's amended complaint should be dismissed for failing to allege an element of her claim.

Third, the plaintiff did not plead an "integrated employer" theory to meet the Title VII numerosity requirement nor did she allege why the two defendants should be regarded as a single employer. Here, again, the plaintiff's amended complaint is insufficient, having not pled an action that is plausible on its face.

In sum, the complaint stops short of the line between possibility and plausibility of entitlement to relief as explained in Twombly.

6

## CONCLUSION

Accordingly, for the aforementioned reasons, the defendants' motion should be granted and this case should be dismissed without prejudice.

Respectfully Submitted,

*Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
July 17, 2009