# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| Melissa M. Morrow, | ) | Civil Action No. 2:08-4119-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Keystone Builders, Inc.; Keystone Builders | ) | |
| Resource Group, Inc.; and | ) | |
| Keystone-Charleston LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In this case, Melissa Morrow ("Plaintiff") claims that Keystone Builders Resource Group,

Inc. ("KBRG") and Keystone-Charleston, LLC ("Keystone-Charleston") (collectively, the

"Defendants") violated both Title VII, as amended by the Pregnancy Discrimination Act, and

South Carolina common law by terminating her from her job because she was with child. On

May 4, 2009, the Defendants each filed motions to dismiss the Plaintiff's Amended Complaint

for failure to state a claim upon which relief can be granted, under Rule 12(b)(6). On July 17,

2009, Magistrate Judge Robert S. Carr ("Magistrate Judge Carr") issued a Report and

Recommendation ("R&R") analyzing the issues and recommending that this Court grant the

Defendants' motions to dismiss. On July 29, 2009, the Plaintiff filed her objections to the R&R

and, on August 5, 2009, filed a motion to amend the Amended Complaint in order to address the

deficiencies identified by Magistrate Judge Carr. The Defendants filed a joint reply to the

Plaintiff's objections, as well as a response in opposition to the Plaintiff's motion to amend. This

matter is now before this Court for disposition.



# I. THE PLAINTIFF'S ALLEGATIONS

On October 1, 2007, the Defendants hired the Plaintiff as a new home sales agent. Docket Entry #16 at ¶ 11. According to the Plaintiff, she worked selling homes at two separate locations in South Carolina and performed these duties in an "above-average fashion." Id. at ¶ 13. The Plaintiff claims that "[she] was never disciplined while employed at defendants; she was always told by management that she was doing a good job; and she was the leading sales person at the above-referenced properties." Id. at ¶ 14. In short, the Plaintiff claims that her employment record was "excellent." Id. at ¶ 13.

In November of 2007, the Plaintiff learned that she was pregnant. Id. at ¶ 15. She claims that she immediately notified her supervisor of her pregnancy because she became sick at work and requested the day off to visit a doctor. Id. at ¶ 16. The Plaintiff claims that she missed no other days of work during her employment with the Defendants. Id. at ¶ 17. The Plaintiff further alleges that, during a sales meeting in March or April of 2008, her supervisor "questioned her about her 'time off requests' and told her she needed to turn in her requests for maternity leave." Id. at ¶¶ 18-19. The Plaintiff responded that she intended to work until she delivered her child and requested permission to enter her expected due date as the date she expected to start her leave; the Plaintiff's supervisor gave her such permission. Id. at ¶¶ 20-21.

On or about April 15, 2008, the Plaintiff's supervisor advised the Plaintiff that she wanted to meet with Plaintiff to review the Plaintiff's sales books. Id. at ¶ 22. The next day, the Plaintiff's supervisor met with the Plaintiff at the property where the Plaintiff was working. Id. at ¶ 23. According to the Plaintiff, the supervisor did not review Plaintiff's sales books; rather, the supervisor terminated the Plaintiff. Id. at ¶ 24. The Plaintiff pushed for an explanation, and

the supervisor allegedly advised the Plaintiff that "she was 'not a good fit for the company.'" Id. at ¶ 25. The Plaintiff alleges that, at the same time, the supervisor told her that she had great skills and would be able to find work elsewhere. Id. at ¶ 26. The Plaintiff then asked whether she was being terminated because of her pregnancy, at which time the supervisor told the Plaintiff that she was being terminated for "customer complaints." Id. at ¶¶ 27-28. The Plaintiff had no notice or knowledge of any customer complaints and alleges that, when asked to detail these complaints, her supervisor could not identify anyone who had complained about the Plaintiff. Id. at ¶¶ 29-31.

## II. PROCEDURAL HISTORY

On December 23, 2008, the Plaintiff, through counsel, filed a complaint against an entity known as Keystone Builders, Inc., claiming that Keystone Builders, Inc. discriminated against her on the basis of her pregnancy in violation of Title VII and the Pregnancy Discrimination Act when she was terminated from her job. Docket Entry #1. On January 27, 2009, Keystone Builders, Inc. filed an answer to the Plaintiff's complaint in which Keystone Builders, Inc. alleged that the Plaintiff was suing the wrong party. Specifically, Keystone Builders, Inc. alleged that the Plaintiff was actually employed by a different entity – Keystone-Charleston – and that Keystone Builders, Inc. was not a proper party to the action. Docket Entry #6. Subsequently, the Plaintiff, with the consent of Keystone Builders, Inc., filed an amended complaint (the "Amended Complaint"). Docket Entry #16. The Amended Complaint lists as defendants two companies: KBRG and Keystone-Charleston – the current Defendants. It repeats the Plaintiff's claim that she suffered discrimination in violation of Title VII and the Pregnancy Discrimination Act when she was terminated from her job. It also raises an additional claim under South



Carolina law that she suffered a wrongful termination in violation of public policy. Docket Entry #16.

On May 4, 2009, both KBRG and Keystone-Charleston filed separate motions to dismiss the Amended Complaint. On July 17, 2009, Magistrate Judge Carr issued an R&R in which he recommended that the Defendants' motions to dismiss be granted and the Plaintiff's case be dismissed without prejudice. Docket Entry #37. On July 29, 2009, the Plaintiff filed written objections to the R&R. Docket Entry #40. Subsequently, on August 5, 2009, the Plaintiff filed a motion to amend her Amended Complaint to address the deficiencies identified by the Magistrate Judge. Docket Entry #42.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court must make a de novo determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks and citations omitted). Courts have also held that de novo review of the record is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The Court is free, after review, to accept, reject, or modify, in whole or in part, the

recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28
U.S.C. §636(b)(1).

### III. THE DEFENDANTS' MOTIONS TO DISMISS

The Plaintiff's Amended Complaint asserts two causes of action. First, the Plaintiff
claims that the Defendants violated Title VII and the Pregnancy Discrimination Act. Second, the
Plaintiff brings a claim under South Carolina law for wrongful termination in violation of public
policy.

The Defendants each have filed motions to dismiss.[1] With respect to the Plaintiff's Title
VII claim, KBRG argues that dismissal is appropriate because: (1) the Plaintiff fails to allege
that KBRG was the Plaintiff's employer; (2) the Plaintiff fails to allege that her employer
employed fifteen or more employees during the relevant time period; and (3) the Plaintiff did not
identify KBRG in its Charge with the EEOC and thus has not exhausted administrative remedies
as to KBRG. For its part, Keystone-Charleston, in its motion, admits that it employed the
Plaintiff, but claims that dismissal of the Plaintiff's Title VII claim is appropriate due to the
Plaintiff's failure to allege that Keystone-Charleston employed fifteen or more employees during
the relevant time period. Both Defendants also argue that the Plaintiff's state law claim is
subject to dismissal because: (1) the Amended Complaint includes no allegation that the
Defendants employed fifteen or more employees; (2) the Plaintiff did not file a charge with the

---

[1] Keystone-Charleston also styles its motion as one for judgment on the pleadings under
Rule 12(c). This makes no practical difference, however, as motions under Rule 12(c) are
evaluated under the same standard as motions made pursuant to Rule 12(b)(6). See
Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009).



South Carolina Human Affairs Commission; and (3) a plaintiff cannot maintain an action under South Carolina's Human Affairs laws when proceeding in federal court under Title VII.

## A. Standard of Review

When considering a Rule 12(b)(6) motion, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, 591 F.3d 250, 255 (4th Cir. 2009). The Court need not accept as true, however, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," as well as "unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd., 591 F.3d at 255. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

"[A] complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). Factual allegations give rise to a plausible claim for relief when they "produce an inference of liability strong enough to nudge the plaintiff's claims across the line from conceivable to plausible." Nemet Chevrolet, Ltd., 591 F.3d at 256 (internal quotation marks and citations omitted). Ultimately, "[t]he complaint must . . . plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Id. (quoting Iqbal, 129 S. Ct. at 1950).



## B. The Plaintiff's Title VII Claim

It is a violation of Title VII for an employer "to fail or refuse to hire or to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). This protection explicitly extends to pregnant women: "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k). To establish a prima facie case of pregnancy discrimination, a plaintiff must show: "(1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) that at the time of the adverse action, she was performing at a level that met [her employer's] legitimate job expectations; and (4) the position was filled by a similarly qualified applicant outside the protected class." Pickworth v. Entrepreneurs' Org., 261 F. App'x 491, 493 (4th Cir. 2008) (citing Miles v. Dell, Inc., 429 F.3d 480, 485 (4th Cir. 2005)).

Additionally, a plaintiff must show that she was employed by an employer within the coverage of Title VII. Title VII defines the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . ." 42 U.S.C. § 2000e(b). Thus, an employee can bring a Title VII claim only against an employer that has fifteen or more employees. The Supreme Court has held that this employee numerosity requirement is an essential element of a Title VII plaintiff's claim for relief. See Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006) (holding "that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue").

Here, Magistrate Judge Carr recommended dismissal of the Plaintiff's Title VII claim for three reasons: (1) the Plaintiff's amended complaint fails to explicitly identify which of the



Defendants, KBRG or Keystone-Charleston, was the Plaintiff's employer; (2) the Plaintiff did

not allege that her employer met the 15 employee numerosity requirement of Title VII; and (3)

the Plaintiff did not plead her "integrated employer" theory of numerosity and did not allege why

the Defendants should be considered as a single employer. The Plaintiff has filed objections to

each of these three grounds, and the Court considers them in turn.

The Plaintiff first objects to Magistrate Judge Carr's recommendation that the Plaintiff's

Amended Complaint should be dismissed for its failure to explicitly identify which Defendant

was the Plaintiff's employer. On this point, the Magistrate Judge reasoned:

> [T]he plaintiff never explicitly states which entity employed her, failing to put
> either defendant on notice of her claim against it. Plaintiff's amended complaint
> could be interpreted to mean that Keystone Builders employed the plaintiff,
> Keystone-Charleston employed the plaintiff, both corporations employed the
> plaintiff, or Keystone Builders and Keystone-Charleston are the same corporation
> and it employed the plaintiff.

Docket Entry #37 at 5-6. Ultimately, Magistrate Judge Carr concluded that "[t]he plaintiff must

actually name and identify the employer whom she intends to sue and she has not done so." Id.

at 6. In her objections, the Plaintiff provides the following response:

> The Magistrate dismissed plaintiff's Complaint because plaintiff did not actually
> name and identify the employer she intended to sue. This is error. Plaintiff
> clearly named and identified the employer she intended to sue. She specifically
> named the two employers that she, in good faith, believed employed her. . . .
> Plaintiff specifically alleged in her Complaint that she was hired by both
> defendants, that she was employed by both defendants, and that she was fired by
> both defendants. There is nothing speculative about the pleading.

Docket Entry #40 at 4. For the Plaintiff, the import of the allegations in the Amended Complaint

is that she "was either employed by one or the other defendant, or both." Id.



The Court agrees with the Plaintiff on this point; her failure to specifically identify which of the two corporations named in the Amended Complaint she intends to sue is no reason to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6). In concluding otherwise, the Magistrate Judge appears to have primarily been concerned that, due to a lack of specificity, one could interpret the Amended Complaint as alleging multiple theories of Title VII liability. Docket Entry #37 at 5-6 ("Plaintiff's amended complaint could be interpreted to mean that Keystone Builders employed the plaintiff, Keystone-Charleston employed the plaintiff, both corporations employed the plaintiff, or Keystone Builders and Keystone-Charleston are the same corporation and it employed the plaintiff."). But, the Federal Rules specifically provide for such an approach. Fed. R. Civ. P. 8(d)(2)-(3) allows for the pleading of alternative facts, and, construing the Amended Complaint's factual allegations in the light most favorable to the Plaintiff, the Court finds that the Amended Complaint sufficiently alerts both of the Defendants that the Plaintiff is seeking to hold either, or both, of them responsible for the Title VII violations that she alleges. The Plaintiff's failure to specifically identify one or the other at the pleading stage does not warrant dismissal of the Amended Complaint, and the Court rejects Magistrate Judge Carr's R&R to the extent that it makes that recommendation.

The Plaintiff next objects to Magistrate Judge Carr's recommendation that her Title VII claim be dismissed for failing to allege that her employer met the fifteen employee numerosity requirement of Title VII. The Plaintiff's objection is twofold – she claims that she is not required to specifically allege that her employer meets Title VII's employee numerosity requirement and that, even if she is, the Amended Complaint makes such an allegation. For the following reasons, the Court disagrees on both points.



The Plaintiff contends that she is not required to specifically allege that her employer met Title VII's employee numerosity requirement because a Title VII plaintiff "need not plead facts that constitute a prima facie case under the framework of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), in order to survive a motion to dismiss." <u>Prince-Garrison v. Md. Dep't of Health & Mental Hygiene</u>, 317 F. App'x 351, 353 (4th Cir. 2009); <u>see also</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under <u>McDonnell Douglas</u> also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). This Court recognizes the Supreme Court's holding in <u>Swierkiewicz</u>, but believes that differences between the <u>McDonnell Douglas</u> framework and Title VII's employee numerosity requirement render Plaintiff's argument irrelevant.

Specifically, the <u>McDonnell Douglas</u> standard is an evidentiary standard, not a pleading requirement. <u>Swierkiewicz</u>, 534 U.S. at 510. It does not apply in every employment discrimination case. <u>Id.</u> at 511. The <u>McDonnell Douglas</u> prima facie case requirements are flexible; they are "not necessarily applicable in every respect to differing factual situations." <u>McDonnell Douglas</u>, 411 U.S. at 802 n.13; <u>see also</u> <u>Furnco Constr. Corp. v. Waters</u>, 438 U.S. 567, 577 (1978) ("The method suggested in <u>McDonnell Douglas</u> . . . was never intended to be rigid, mechanized, or ritualistic."). The Supreme Court's opinion in <u>Swierkiewicz</u> thus rightly held that requiring a plaintiff to plead facts that would constitute a prima facie case under <u>McDonnell Douglas</u> amounted to the imposition of a heightened pleading requirement because



one can state a claim for relief under Title VII without meeting those requirements.[2] Twombly, 550 U.S. at 570 ("[In Swierkiewicz,] [w]e reversed on the ground that the Court of Appeals had impermissibly applied what amounted to a heightened pleading requirement by insisting that Swierkiewicz allege 'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."). The employee numerosity requirement, on the other hand, is an essential element of every employment discrimination claim under Title VII. Thus, requiring a plaintiff to make such an allegation does not impose a heightened pleading requirement and is consistent with Fed. R. Civ. P. 8(a)(2)'s prescription that "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

The Plaintiff argues, however, that the Amended Complaint does, in fact, contain allegations sufficient to establish this element of her claim. "Ultimately, a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Nemet Chevrolet, Ltd., 591 F.3d at 255 (quoting Iqbal, 129 S. Ct. at 1949). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. The Plaintiff's allegations do not meet this standard.

Specifically, the Plaintiff points to the following allegations as establishing employee numerosity:

---

[2] For example, "the McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination." Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985).



> For example, in paragraph 4, plaintiff alleges that the court has jurisdiction of [sic] the federal claims pursuant to the Pregnancy Discrimination Act. Paragraph 6 alleges that "plaintiff has exhausted all administrative remedies and conditions precedent . . . and all other jurisdictional requirements necessary for the maintenance of the . . . action . . . ." At paragraph 11, plaintiff alleges that the defendants hired her. And, at paragraph 37, plaintiff alleges defendants violated the Act. This is certainly enough under the court's liberal pleading rules to allege that the defendant is subject to Title VII.

Docket Entry #40 at 5-6. None of these allegations allow for an inference that the Defendants satisfy the employee numerosity requirement. Paragraph 11 of the Amended Complaint, for example, simply states that the "plaintiff was hired by defendants on or about October 1, 2007 as a new home sales agent" – it says nothing as to the number of employees the Defendants employed. Docket Entry #16 at ¶ 11. Paragraph 37, which states "[t]hat as such, defendants have violated 42 U.S.C. § 2000e(k)," is simply a legal conclusion entitled to no presumption of truth under Iqbal. Id. at ¶ 37. And, Paragraphs 4 and 6, which allege that the Plaintiff's case satisfies the necessary jurisdictional requirements, have no relevance to the issue of employee numerosity – Title VII's employee numerosity requirement is "an element of a plaintiff's claim for relief, not a jurisdictional issue." Arbaugh, 546 U.S. at 515.

Finally, the Plaintiff claims that the Amended Complaint contains allegations of an "integrated employer" theory of employee numerosity, and she objects to Magistrate Judge Carr's conclusion that "the plaintiff did not plead an 'integrated employer' theory to meet the Title VII numerosity requirement nor did she allege why the two defendants should be regarded as a single employer." Docket Entry #37 at 6. She argues:

> Plaintiff identified both defendants in the Complaint. At paragraph 11 of the Complaint plaintiff alleges that both defendants hired her; at paragraph 13 she alleges that she performed her job in an above-satisfactory fashion and maintained excellent employment records with both defendants; at paragraph 14 she alleges

#12
leef.

she was never disciplined by both defendants; at paragraph 32 she alleges both defendants fired her because she was pregnant; under the First Cause of Action for pregnancy discrimination, she alleges, among other things, that both defendants terminated her because she was pregnant, that both defendants replaced her with a non-pregnant employee and that both defendants violated 42 U.S.C. § 2000e-k. And plaintiff made it clear in her Response Brief to defendants' Motion to Dismiss that she was relying on an integrated enterprise theory. This is enough to put defendants on notice of an integrated enterprise theory.

Docket Entry #40 at 6-7.

"Under the 'integrated employer' test, several companies may be considered so interrelated that they constitute a single employer." Hukill v. Auto Care, Inc., 192 F.3d 437, 442 (4th Cir. 1999). In making this determination, courts consider four factors: "(1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control." Id.

After reviewing the Amended Complaint, the Court agrees with Magistrate Judge Carr's recommendation that the Amended Complaint does not allege that Keystone-Charleston and KBRG were integrated for purposes of Title VII. The Plaintiff's objection on this point appears based on her belief that, by simply attributing the actions that provide the foundation for her Title VII claim to both Defendants, she has necessarily alleged that the Defendants were integrated. But the allegations that the Plaintiff references in her objection, with the possible exception of her allegations that both Defendants hired and fired her, do not speak to the issues that determine whether two corporate entities are integrated. In making that determination, courts look to various categories of probative evidence, including:

> (1) one company's employees hired and fired the other's employees and/or authorized lay offs, recalls, and promotions of such employees; (2) one company routinely transferred employees between it and the other company, used the same work force, and/or handled the other's payroll, (3) one company exercises more



than general oversight of the other's operations by supervising the other's daily operations, such as production, distribution, purchasing, marketing, advertising, and accounts receivable, (4) the companies have common management in the form of interlocking boards of directors and/or common officers and managers, (5) the companies fail to observe basic formalities like keeping separate books and holding separate shareholder and board meetings, (6) the companies fail to maintain separate bank accounts, and (7) the companies file joint tax returns.

Glunt v. GES Exposition Servs., 123 F. Supp. 2d 847, 874 (D. Md. 2000) (quoting Thomas v. BET Sound-Stage Restaurant/BrettCo, Inc., 61 F. Supp. 2d 448, 456 (D. Md. 1999)). Without allegations encompassing such matters, the Court cannot conclude that the Amended Complaint includes sufficient factual matter demonstrating the plausibility of the Plaintiff's contention that KBRG and Keystone-Charleston are an integrated employer.

In short, the Court finds that the Plaintiff's Amended Complaint fails to state a claim for which relief can be granted under Title VII because the Plaintiff fails to allege facts establishing an essential element of her claim – that her employer employed fifteen or more employees. Moreover, the Amended Complaint does not include any allegations from which the Court can conclude that KBRG and Keystone-Charleston constitute an integrated employer for purposes of meeting Title VII's employee numerosity requirement. Thus, the Court adopts Magistrate Judge Carr's R&R insofar as it concludes that these two deficiencies warrant dismissal of the Plaintiff's Title VII claim.

### C. The Plaintiff's State Law Claim

The Defendants also seek to dismiss the Plaintiff's claim for relief under South Carolina state law. The Magistrate Judge did not specifically address the Plaintiff's state law claim in his R&R, other than to note that the "Plaintiff made clear that her cause of action was the common law tort of wrongful termination in violation of the public policy of South Carolina." Docket



Entry #37 at 1 n.1. This Court sees no need to address this claim at this time because the Amended Complaint claims federal jurisdiction pursuant to 28 U.S.C. § 1331. Since the Court has concluded that dismissal of the Plaintiff's Title VII claim is warranted, the Court declines to exercise jurisdiction over the Plaintiff's remaining state-law claim. 28 U.S.C. § 1367(c)(3).

## IV. THE PLAINTIFF'S MOTION TO AMEND

The Court now considers the various motions to amend that the Plaintiff has filed in this matter. Specifically, the Plaintiff, in her responses to the Defendants' motions to dismiss, requested permission to amend the Amended Complaint in order to address the deficiencies raised by the Defendants and highlighted above. And, upon issuance of the Magistrate Judge's R&R dismissing her Title VII claim, the Plaintiff formally moved to amend her complaint "to specifically allege that the defendants are integrated employers and that combined they employ over 15 employees and are, thus, 'employers' as defined by Title VII." Docket Entry #42 at 3-4. She included with this filing a proposed Second Amended Complaint that is nearly identical to the Amended Complaint in its allegations, except for the addition of the following:

> 12. That, upon information and belief, plaintiff was hired by the defendant Keystone-Charleston.
>
> 13. That the defendant Keystone-Charleston and the defendant Keystone Builders Resource Group were so integrated that they constitute a "single" or "integrated" employer for purposes of Title VII.
>
> 14. That in this regard, the defendants had common management, interrelation between operations, centralized control of labor relations and common ownership and financial control.
>
> 15. That as such, the defendants together employed fifteen (15) or more employees and, thus, are "employers" as defined by Title VII.
>
> . . .

38. That as alleged above, defendants are an integrated enterprise that employs fifteen (15) or more employees and, therefore, an employer as defined by Title VII.

Docket Entry #42-3. The Plaintiff argues that these allegations satisfy the deficiencies that the Court has held warrant the dismissal of her Amended Complaint.

The Court begins by noting that the Plaintiff's motions to amend are untimely. Magistrate Judge Carr entered a Scheduling Order in this case that imposed a March 30, 2009 deadline on motions to amend the pleadings. Docket Entry #9. The Plaintiff's requests to amend all occurred after that deadline.[3] Under such circumstances, the Court follows a two-step process: "once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under 15(a)." Odyssey Travel Ctr., Inc. v. RO Cruises, Inc., 262 F. Supp. 2d 618, 631 (D. Md. 2003). See also Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").

Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." As stated in Dilmar Oil Co. v. Federated Mut. Ins. Co.:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a

---

[3] Specifically, the Plaintiff's responses to the Defendants' motions to dismiss, the first of the Plaintiff's filings to request permission to amend the Amended Complaint, were filed on June 4, 2009. The Plaintiff also filed a motion to amend on August 5, 2009.



showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Dilmar Oil Co., 986 F. Supp. 959, 980 (D.S.C. 1997) (internal citations omitted). "Good cause is not shown when the amendment could have been timely made." Interstate Narrow Fabrics, Inc. v. Century USA, Inc., 218 F.R.D. 455, 460 (M.D.N.C. 2003) (internal quotation marks and citation omitted).

The Court finds that good cause exists to consider the Plaintiff's motion to amend the Amended Complaint. The Plaintiff's motion seeks to cure deficiencies in the Amended Complaint that were not raised by the Defendants until after the deadline for amending the pleadings had expired. The Plaintiff acted diligently by requesting permission to amend the Amended Complaint at the time that she responded to the Defendants' motions to dismiss. And, the Plaintiff filed a formal motion to amend after the Magistrate Judge entered his R&R. Under these circumstances, the Court finds that the Plaintiff has satisfied Rule 16(b) and will consider whether the Plaintiff's proposed amendments satisfy Rule 15(a).

Under Fed. R. Civ. P. 15, a plaintiff, subject to certain time limitations, may amend its pleading once as a matter of course. Rule 15(a)(1). Otherwise, a plaintiff may amend the complaint only by leave of the court or by written consent of the defendant. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). Still, "[t]he court should freely give leave when justice so requires," Rule 15(a)(2), and the Fourth Circuit has held that leave to amend a pleading should be denied "only when the amendment



would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citations omitted). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber, 438 F.3d at 426. Here, the Court believes that the Plaintiff's motion to amend must be denied because the Plaintiff's proposed amendments, included in the proposed Second Amended Complaint, fail to adequately remedy the Amended Complaint's deficiencies and are thus futile.[4] Specifically, the Plaintiff's proposed Second Amended Complaint still fails to adequately allege that Plaintiff's employer meets the employee numerosity requirement of Title VII.

To be sure, the Plaintiff's proposed amendments, at least on the surface, directly address the deficiencies in the amended complaint. The Plaintiff alleges that the Defendants "were so integrated that they constitute a 'single' or 'integrated' employer for purposes of Title VII" and that "the defendants had common management, interrelation between operations, centralized control of labor relations and common ownership and financial control." These additional allegations remain insufficient to avoid dismissal, however, because they are the types of "bare assertions devoid of further factual enhancement" that the Court need not accept as true when considering the sufficiency of a complaint. See Nemet Chevrolet, Ltd., 591 F.3d at 255. Simply

---

[4] In order to determine the futility of the Plaintiff's proposed amendments, the Court considers whether the Plaintiff's proposed amended complaint would be subject to dismissal for failure to state a claim under Rule 12(b)(6). See United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (finding further amendments futile when the proposed amended complaint would not properly state a claim under Rule 12(b)(6)); Nettis v. Levitt, 241 F.3d 186, 194 n.4 (2d Cir. 2001) ("Determinations of futility are made under the same standards that govern Rule 12(b)(6) motions to dismiss.").



alleging that KBRG and Keystone-Charleston constitute an integrated employer is to state a legal

conclusion; without accompanying allegations of facts sufficient to demonstrate such integration,

the Second Amended Complaint would still be subject to dismissal under Rule 12(b)(6). The

Plaintiff's allegation that "the defendants had common management, interrelation between

operations, centralized control of labor relations, and common ownership and financial control"

is not a sufficient allegation of supporting facts, but instead is merely a conclusory recital of the

factors that courts consider in determining whether two employers are integrated. Hukill, 192

F.3d at 442 ("In determining whether to treat corporate entities as an 'integrated employer' . . .

the factors we should consider include: (1) common management; (2) interrelation between

operations; (3) centralized control of labor relations; and (4) degree of common

ownership/financial control."). The Court cannot say that such an allegation contains sufficient

factual matter demonstrating the plausibility of the Plaintiff's claim that the Defendants

constitute a "single" or "integrated" employer for purposes of Title VII. Accordingly, the Court

denies the Plaintiff's motion to amend the Amended Complaint.[5]

---

[5] The Court is compelled to note that, in addition to the proposed Second Amended
Complaint, the Plaintiff attached to her motion to amend (1) her own affidavit, which provided
additional details regarding the relationship between the Plaintiff and the Defendants and
includes what appear to be printouts of Internet websites and advertisements involving the
Defendants, and (2) the affidavit of the Plaintiff's counsel, which details his attempt to ascertain
the proper Defendants in this action and includes copies of correspondence between counsel, the
Defendants, and the United States Equal Employment Opportunity Commission. Because the
futility of an amendment is determined by applying Rule 12(b)(6) to the proposed amendments,
and a court is not to consider matters outside the pleadings when ruling on a motion to dismiss,
the Court also considered whether it was appropriate to consider these attachments when
reaching its decision on the Plaintiff's motion to amend. See Bosiger v. U.S. Airways, Inc., 510
F.3d 442, 450 (4th Cir. 2007) ("[A] court is not to consider matters outside the pleadings or
resolve factual disputes when ruling on a motion to dismiss.").
    Ordinarily, "the court may properly consider exhibits attached to the complaint." Smith
v. McCarthy, 349 F. App'x 851, 856 (4th Cir. 2009) (citing Fayetteville Investors v. Commercial



## V. CONCLUSION

To conclude, the Court agrees with Magistrate Judge Carr that the Plaintiff's Title VII claim is subject to dismissal pursuant to Rule 12(b)(6) because the Plaintiff has failed to allege that the Defendants satisfy Title VII's employee numerosity requirement. The Court thus adopts the R&R's treatment of the Plaintiff's Title VII claim, as modified by this Order. Moreover, the Court finds that the Plaintiff's proposed amendments are futile as they do not adequately remedy the deficiencies identified by the Magistrate Judge and discussed above. Accordingly, the Court grants the Defendants' motions to dismiss with respect to the Plaintiff's claim under Title VII, but does so without prejudice to the Plaintiff's ability to submit an amended complaint that alleges facts sufficient to support her claim that the Defendants constitute an integrated employer. Any such complaint must be filed within twenty (20) days from the filing of this Order. If no complaint is filed, this Order shall be treated as a dismissal of the Plaintiff's Title VII claim with prejudice.

In the absence of the Plaintiff's Title VII claim, the Court concludes that it would lack jurisdiction over the Plaintiff's remaining state law claim. The Court thus denies on mootness grounds the Defendants' motions to dismiss this claim. If the Plaintiff does not file an amended complaint within the twenty day time limit imposed above, this Order shall be treated as a dismissal of the Plaintiff's state law claim for lack of jurisdiction.

---

Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991)); see also Fed. R. Civ. P. 10(c). It appears, however, that the attachments in question were not submitted as exhibits to the proposed Second Amended Complaint, but were instead submitted to support the Plaintiff's motion to amend. The proposed Second Amended Complaint makes no reference to these attachments, and the Court does not believe that they fall within the coverage of Fed. R. Civ. P. 10(c). Accordingly, the Court has omitted consideration of these attachments in reaching its decision.



The Defendants' motions to dismiss (Docket Entry #23 and #25) are GRANTED IN PART and DENIED IN PART. The Magistrate Judge's R&R (Docket Entry #37) is ADOPTED AS MODIFIED. The Plaintiff's motions to amend (Docket Entry #31, #32, and #42) are DENIED. The Plaintiff has twenty (20) days from the date of this Order in which to file an amended complaint.

**AND IT IS SO ORDERED.**

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

September 15, 2010
Charleston, South Carolina